UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| DOUGLAS CARL IRWIN, | ) | CASE NO. 1:06 CV 953 |
| | ) | |
| Plaintiff, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| CITY OF MEDINA, et al., | ) | AND ORDER |
| | ) | |
| Defendants. | ) | |

On April 19, 2006, plaintiff pro se Douglas Carl Irwin filed the above captioned action under 42 U.S.C. § 1983, and 42 U.S.C. § 2000e against the City of Medina, Medina County, the State of Ohio, Medina County Municipal Court Judge Dale Chase, Medina County Municipal Court Magistrate Diane L. Dougherty, Medina County Municipal Court Bailiff Brett Robertson, Medina City Police Officer Diane Ganyard, Medina City Police Employee Dan Warner, and Medina City Police Officer Daryn Winebrenner. In the complaint, plaintiff alleges he was unfairly arrested for living in his automobile on municipal property and using public facilities. He seeks $4,000,000.00 in damages.

*Background*

Mr. Irwin alleges he became homeless on January 20, 2006. He contends he spent

several nights sleeping in Medina area churches, and upon his eviction from these locations, lived in his truck which he parked in various places outside of the City of Medina. Each time law enforcement officials discovered his living arrangements, he was told to move his vehicle or face arrest. Mr. Irwin states he was scheduled to begin taking GED classes soon so he decided to return to the streets in the City of Medina, Ohio.

Shortly thereafter, Officer Winebrenner found Mr. Irwin sleeping in the K-Mart parking lot and told him to leave or face arrest for criminal trespass. He contends that unlike the previous law enforcement officers he had encountered since becoming homeless, this officer acted in an unprofessional manner. Mr. Irwin left the K-Mart parking lot and drove around the block to the Wal-Mart parking lot. He states he noticed several semi tractor trailer trucks and recreational vehicles ("R.V.") in the parking lot. He indicates that he parked next to "an expensive R.V. ... figuring if they are aloud [sic] to park there I would be aloud [sic] park there." (Compl. at 6.) Officer Winebrenner followed him to Wal-Mart and again told him to leave the lot. Mr. Irwin contends that he was advised that he would be arrested if he was found anywhere in the City of Medina that night.

Mr. Irwin claims he went to "the only place [he] figured they would leave [him] alone...the Medina Municipal Court parking lot." (Compl. at 7-8.) On February 22, 2006, he walked into the courthouse to use the restroom as he claims he had done for several days. He states he was also carrying his pot and spoon so that he could clean them. He indicates he was stopped by Bailiff Brett Robertson who ordered him to leave the building. Mr. Irwin ignored the bailiff and entered the restroom. Mr. Robertson telephoned police. By the time they arrived, Mr. Irwin had left the building and the parking lot. He claims he was driving to the Jobs and Family Services Agency when a police cruiser approached and

signaled for him to pull over to the curb. Mr. Irwin complied and Officer Ganyard walked up to his vehicle. She allegedly cautioned him that he would be arrested if he returned to the municipal lot. He claims he informed her that he would be returning at 8:00 p.m. and that she should be prepared to arrest him. He states that no one was present in the lot that evening when he returned as promised; however, at 6:00 a.m. the following morning, three police cruisers surrounded his vehicle. He was arrested and charged with criminal trespass. He also claims Officer Warner accused him of protesting without a license, but it is not clear whether he was also charged with this offense.

During his arraignment, Magistrate Diane L. Dougherty chastised him for putting his head on the table. He disputes this statement and contends instead that he "clearly pulled [his] chair away from the table." (Compl. at 13.) He indicates he was adjudged incompetent to stand trial pending an evaluation. The pleading does not indicate whether the criminal proceedings against him have concluded. He states on his Application to Proceed In Forma Pauperis, however, that he is incarcerated in the Medina County jail.

## *Analysis*

Although pro se pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court is required to dismiss an in forma pauperis action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[1] Neitzke v. Williams, 490 U.S. 319 (1989);

---

[1] An in forma pauperis claim may be dismissed sua sponte, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth
(continued...)

Lawler v. Marshall, 898 F.2d 1196 (6th Cir. 1990); Sistrunk v. City of Strongsville, 99 F.3d 194, 197 (6th Cir. 1996).  For the reasons stated below, this action is dismissed pursuant to §1915(e).

As a threshold matter, Mr. Irwin fails to identify any particular constitutional right he believes to have been violated by the defendants.  Judge Chase is not mentioned at all in the body of the complaint.  Magistrate Dougherty is alleged to have chastised him for putting his head on the table.  Bailiff Robertson is alleged to have asked him to leave the courthouse and telephoned police.  Officers Ganyard, and Winebrenner are each alleged to have ordered him to vacate private property and to have warned him about the possibility of arrest for trespassing.  Officer Warner is alleged to have stated he was protesting without a license at the time of the arrest, which Mr. Irwin denies.  He then concludes that he is entitled to relief "under civil statute: 42 U.S.C. § 1983."  (Compl. at 4.)

Principles requiring generous construction of  pro se pleadings are not without limits.  See Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989); Beaudett v. City of Hampton, 775 F.2d 1274, 1277 (4th Cir. 1985).  A complaint must contain either direct or inferential allegations respecting all the material elements of some viable legal theory to satisfy federal notice pleading requirements.  See Schied v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 437 (6th Cir. 1988).  District courts are not required to conjure up questions never squarely presented to them or to construct full blown claims from sentence fragments.  Beaudett, 775 F.2d at 1278.  To do so would "require ...[the courts] to explore exhaustively all potential claims of a pro se plaintiff, ... [and] would...transform the district court from its legitimate

---

(...continued)
in the statute.  McGore v. Wrigglesworth, 114 F.3d 601, 608-09 (6th Cir. 1997); Spruytte v. Walters, 753 F.2d 498, 500 (6th Cir. 1985), cert. denied, 474 U.S. 1054 (1986); Harris v. Johnson, 784 F.2d 222, 224 (6th Cir. 1986); Brooks v. Seiter, 779 F.2d 1177, 1179 (6th Cir. 1985).

advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." Id. at 1278. Moreover, Mr. Irwin's failure to identify a particular legal theory in his complaint places an unfair burden on the defendants to speculate on the potential claims that plaintiff may be raising against them and the defenses they might assert in response to each of these possible causes of action. See Wells v. Brown, 891 F.2d at 594. Even liberally construed, the complaint does not sufficiently state the federal constitutional claim or claims upon which plaintiff intends to base his § 1983 action against these defendants.

Similarly, Mr. Irwin asserts that the defendants' actions violated Title VII, 42 U.S.C. § 2000e. Because this statute provides a cause of action for employment discrimination which is not applicable to the facts presented in the complaint, the court liberally construes this claim as arising under 42 U.S.C. § 2000a, prohibiting discrimination at a public facility on the basis of race, religion, or national origin. However, Mr. Irwin still fails to meet basic pleading requirements since the complaint contains no facts indicating he received discriminatory treatment based upon any of the factors prohibited by the statute.

Furthermore, even if Mr. Irwin had stated the federal claim upon which he intended to base his federal action, this case would require dismissal. In general, a claim is not cognizable under 42 U.S.C. § 1983 if a judgment on the merits of those claims would affect the validity of a conviction, unless the conviction has been set aside. See Edwards v. Balisok, 520 U.S. 641, 646 (1997); Heck v. Humphrey, 512 U.S. 477, 486 (1994). The concerns of Heck apply pre-conviction as well as post conviction. Shamaeizadeh v. Cunigan, 182 F.3d 391, 398 (6th Cir. 1999); see Gorenc v. City of Westland, No. 02-2456, 2003 WL 21782610 (6th Cir. July 31, 2003)(finding plaintiff's pre-trial

challenge under §1983 to a speeding ticket is barred by Heck because it would necessarily imply the invalidity of the traffic citation). Heck precludes § 1983 claims relating to pending charges when a judgment in favor of the plaintiff would necessarily imply the invalidity of any conviction or sentence that might result from prosecution of the pending charges. Gorenc, No. 02-2456, 2003 WL 21782610 at * 2; Beck v. City of Muskogee Police Dep't, 195 F.3d 553, 557 (10th Cir. 1999). It appears from the pleading that the charges against Mr. Irwin are still pending. Because the allegations in the complaint implicitly challenge his incarceration on these charges, this action must be dismissed.

## *Conclusion*

Accordingly, this action is dismissed pursuant to 28 U.S.C. § 1915(e). The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[2]

IT IS SO ORDERED.

    /s/Donald C. Nugent  
DONALD C. NUGENT  
UNITED STATES DISTRICT JUDGE

Dated:  July 28, 2006

---

[2]  28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken in forma pauperis if the trial court certifies that it is not taken in good faith.